UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
-------------------------------------------------------------------------
                                                :
CLARK BAKER and the OFFICE OF                   :
MEDICAL & SCIENTIFIC JUSTICE INC.,              :
                                                :
                          Plaintiffs,           :
                                                :     C.A. No.:
v.                                              :
                                                :
JOHN DOES 1-10,                                 :
                                                :
                          Defendants.           :
                                                :
-------------------------------------------------------------------------
```

## COMPLAINT

Plaintiffs Clark Baker ("Plaintiff Baker") and the Office of Medical & Scientific Justice Inc. ("Plaintiff OMSJ"), by its attorneys Nesenoff & Miltenberg, LLP, file this complaint against multiple unknown Defendants and allege as follows:

## NATURE OF THE ACTION

1.      This action is brought by Defendants to recover, *inter alia*, damages caused by Defendants' libelous publications of knowingly false statements on numerous Internet websites. Upon information and belief, Defendants posted various postings in the form of online articles, commentary, and editorial pieces (the "Posts"), as well as spread false information to others through electronic mail.

2.      The Posts contained false information and misrepresentations, including that Plaintiff Baker was a liar with a criminal background, who used his organization, Plaintiff OMSJ, to spread falsehoods in order to harm homosexuals and persons infected with HIV and other diseases.  The Posts were abusive, vulgar, and damning to the Plaintiffs, and were accessible to millions of Internet users around the world.

1

3.      An email, in the form of a fake newspaper article, was sent to a group of Plaintiff

Baker's peers, alleging that Plaintiff Baker was indicted for sexually abusing his daughter.  This

is completely and utterly false, and has had a detrimental effect on Plaintiff's personal life,

livelihood, and reputation.

4.      Plaintiff Baker is a private citizen, who is neither a politician nor a celebrity.  The

Defendants' actions were malicious in nature, taken solely to damage Plaintiffs' reputation and

entice others to continue defaming Plaintiffs in the public forums on the Internet.

## THE PARTIES

5.      Plaintiff Baker is a licensed private investigator and founder of Plaintiff OMSJ.

Plaintiff Baker resides at 2645 Greenvalley Road, Los Angeles, California 90046.

6.      Plaintiff OMSJ is a corporation, licensed in California, that investigates medical

and scientific corruption.

7.      The true names and capacities, whether individual, corporate, or otherwise, of

defendants John Does 1-10 are unknown to Plaintiff, who therefore sues said Defendants by such

fictitious names.  Plaintiffs know each Defendant only by the Internet Protocol ("IP") address

assigned to the account used by the Defendant by the account holder's Internet Service Provider

("ISP") on the date and at the time at which the Posts were published.  Plaintiff Baker has

tracked the IP addresses to locations within the Commonwealth of Massachusetts and intends to

subpoena the ISPs that issued the Defendants' IP addresses and/or take other discovery in order

to learn the identity of the account holders for the IP addresses.

8.      Though an IP address alone does not reveal the name or contact information of

the account holder, it does reveal that person's location.  IP addresses are distributed to ISPs by

public, nonprofit organizations called Regional Internet Registries.  As the name implies, these

registries assign blocks of IP addresses to ISPs by geographic region.  In the United States, these

blocks are assigned and tracked by the American Registry of Internet Numbers.  Master tables correlating the IP addresses with local regions are maintained by these organizations in a publicly-available and searchable format.  An IP address's geographic location can be further narrowed by cross-referencing this information with secondary sources such as data contributed to commercial databases by ISPs.  Plaintiff Baker has utilized these techniques to confirm the geographic location of each IP address of the Defendants.

9.     Plaintiffs believe that information obtained in discovery will reveal the Defendants' true names, addresses and other identifying information and allow Plaintiffs to amend this Complaint to state the same.  Plaintiffs further believe that the information obtained in discovery may lead to the identification of additional parties to be added to this Action as defendants.

10.    On information and belief, each of the Defendants named herein performed, participated in, conspired to commit, or abetted, the acts alleged herein, proximately caused the damages alleged and are liable to Plaintiffs for the damages and relief sought herein.

## JURISIDICTION AND VENUE

11.    This Court has diversity jurisdiction over this action under 28 U.S.C. § 1332, because the matter in controversy arises between citizens of different states and because the amount in controversy exceeds $75,000.

12.    Defendants either reside in, solicit, transact, or are doing business within the Commonwealth of Massachusetts; they have committed unlawful and tortious acts by writing, sharing, and posting defamatory statements about Plaintiffs from within the Commonwealth of Massachusetts, as described *supra*.  Plaintiffs' claims arise out of this conduct.  As such, Defendants have sufficient contacts with this judicial district to permit the Court's exercise of personal jurisdiction over each.

13.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(2) and 1400(a). Although the true identities of each Defendant is unknown, each Defendant made the Posts from a location within this district, thus the defamatory acts complained of herein occurred in this District.

## FACTS

14.     Plaintiff Baker, a retired officer of the Los Angeles Police Department, was licensed as a private investigator in 1997.

15.     In May 2008, Plaintiff Baker met Dr. Peter Duesberg, PhD ("Duesberg"), a professor of Molecular and Cell Biology at the University of California, Berkeley, and Celia Farber ("Farber"), an investigative reporter, at a conference in Washington, DC.

16.     Plaintiff Baker learned that several people had made serious allegations against Farber and Duesberg, stating that Duesberg was guilty of genocide in South Africa and Farber was mentally ill.  The allegations were made by James Murtagh, MD ("Murtagh"), "Kevin Kuritzky ("Kuritzky") and Richard Jefferys ("Jefferys").

17.     Shortly thereafter, the Semmelweis Society International (the "SSI"), a Tennessee non-profit corporation involved in defending medical professionals in such situations, asked Plaintiff Baker to investigate the charges.

18.     Immediately after Plaintiff Baker began his investigation for SSI, Murtagh and Kuritzky began pressuring him to stop.  The pressure escalated and eventually resulted in an act of identity theft, wherein thousands of unwanted pharmaceutical and pornographic emails were sent to Plaintiff Baker, preventing him from communicating with witnesses.  Plaintiff Baker tracked the identity theft to Kuritzky.  Plaintiff Baker filed a police report with the Los Angeles Police Department on or about June 26, 2008 concerning the identity theft.

19.     In 2009, after concerns grew over the information Plaintiff Baker had gathered during his investigation for SSI, Plaintiff Baker founded Plaintiff OMSJ, a corporation with the principal business of investigating medical and scientific corruption.

20.     Thereafter, Plaintiff Baker became involved in more than fifty HIV-related criminal cases, examining the testing, diagnosis and treatment of HIV-related illnesses.

21.     Shortly after SSI released and published Plaintiff Baker's preliminary investigation of HIV-related illnesses, Defendants, Internet users and "bloggers" who frequently contribute to blogs, began publishing the Posts.

22.     Many of the Defendants are believed to be university professors and activists who receive pharmaceutical funding and contribute to a website called AIDSTruth, available at www.aidstruth.com.

23.     The Posts state that Plaintiff Baker spreads lies through Plaintiff OSMJ, and that together Plaintiffs Baker and OSMJ are responsible for HIV-related deaths and are further endangering peoples' lives.

24.     Defendants, who are presently identifiable by their IP addresses, have published an article by Jeanne Bergman, a contributor of AIDSTruth, who posted an article about Clark Baker on that website.  The article painted a picture of Plaintiff Baker as a person with a criminal past who was fired from his job due to a violent encounter.  This statement is false.  While the article states that Plaintiff Baker was convicted of battering someone and was overturned on grounds of prosecutorial misconduct, the court has actually found enough judicial misconduct and false testimony against Baker that they cleared Baker of disciplinary charges.  However, in excluding such pivotal information, Bergman's article painted a picture of Baker that was then used in further damning articles later written about Plaintiff Baker.

25.     Since that initial article, myriad other Posts began to circulate on the Internet, often tied to the same groups and websites.  The Posts, published on many websites, are often written under aliases, making the reader think that an attorney or other professional with expert knowledge is reporting on Plaintiffs' alleged misconducts and immoral acts.  The statements state that Plaintiff is a racist, bigot, liar, and deceiver.  Defendants also claim that Plaintiff Baker suffers from psychological disorders and is mentally ill and physically dangerous.

26.     On or about September 3, 2011, an email was sent to a group of members of an association called International Association of Whistleblowers.  Attached to this email was a computer image of a seemingly authentic article from the Los Angeles Times.  However, the article was in fact computer-generated and inauthentic.  The fake article reported that Plaintiff Baker had been indicted in 2009 for molesting his daughter over a period of 11 years, falsely quoting his wife regarding the fabricated situation, and untruthfully asserting that he is seeking counseling.  A copy of the computer image is annexed hereto as **Exhibit A**.

27.     The claims made in the computer-generated article are absolute falsehoods intended to severely damage Plaintiff Baker's reputation, accusing him of sordid sexual deviance, capable of shocking the conscious of anyone who receives the image.  It is unknown how many people have been sent this electronic email, aside from the thirteen recipients of the original message, but the effects of its initial viewing are impossible to reverse.

28.     When Plaintiff Baker received the electronic message containing the fake newspaper story, he replied to the message, allowing him to track the email user to a Comcast account located in Cambridge, Massachusetts.

**FIRST CAUSE OF ACTION**
(Libel)

29.     Plaintiffs repeat and reallege the allegations contained in the foregoing paragraphs as though fully stated herein.

30.     Defendants published various libelous statements about Plaintiff Baker, including that he "is an AIDS Denialist" who is looking to "further his AIDS Denialist agenda," is "less than truthful," is "an insidious individual" who is "intelligently diabolical," and has a "propensity for evil."

31.     Defendants have written Posts alleging that Plaintiff Baker "has an obvious psychological disorder," is narcissistic and dishonest, and "has blood on his hands," among countless other false and defamatory statements.  Furthermore, Defendants have written that Plaintiff Baker is "an internalized homophobic gay guy."

32.     Defendants have published Posts insinuating that Plaintiff Baker is somehow responsible for many of the HIV-related deaths in Africa, asking "how many more deaths are needed before Clark and his cohort are stopped."  The foregoing statements are false.

33.     Defendants designed, doctored, and distributed a fake article reporting that Plaintiff Baker had been indicted in 2009 for molesting his daughter over a period of 11 years, in a blatant attempt to permanently ruin Plaintiff Baker's reputation and accuse him of sexual deviance and moral turpitude.

34.     Defendants are aware that their statements are false, and have no proof or reasoning offered to its readers to evidence their allegations against Plaintiffs.  Plaintiffs have not spread falsehoods, attempted to harm anyone, or made any statements of a racist or bigoted fashion.  On the contrary, Plaintiffs conduct their research and publish their finding in a much more private manner, and refrain from publishing opinion, merely posting statistical facts and findings for others to interpret and apply.

35.     Although the true facts of Plaintiffs' work and personal life are easily attained through simple searches, the Defendants nevertheless chose to publish the incorrect and damning statements.

36.     Defendants published the Posts in a public arena, knowing that anyone with the ability to conduct an Internet search, as simple as entering Plaintiffs' names into a search engine like Google, would have access to their Posts.  The Posts have circulated to such an extent that these falsehoods about Plaintiffs are often some of the first to appear in an Internet search, causing irreparable harm to Plaintiff Baker's everyday life, Plaintiff Baker's mental anguish, and Plaintiff OSMJ's tarnished reputation as a data-collecting corporation.

37.     Defendants created an inauthentic and absolutely false newspaper article that can easily be spread among computer users.  In the four months since the original email was sent, the untruthful and disturbing information regarding Plaintiff Baker's alleged depravity has had the opportunity to reach countless individuals.

38.     The statements against Plaintiffs exposed them to contempt, aversion, and increased safety concerns.  Due to the public nature of these statements, as well as their rapid duplication, the unwanted negative reputation against Plaintiffs continues to grow each day.

39.     As a result, Plaintiffs have been damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
(Injunctive Relief)

40.     Plaintiffs repeat and reallege the allegations contained in the foregoing paragraphs as though fully stated herein.

41.     Defendants continue to publish their defamatory posts.  Many of the Posts refer to the Defendants' disregard for the untruthful nature of their own statements, as well as to the possibility that Plaintiffs may take legal action.  Additionally, it is unknown how many people

have had the opportunity to view the fake article, or whether the original sender continues to maliciously distribute the doctored newspaper image.

42.     Without injunctive relief, Plaintiffs will continue to suffer the damages caused by the Posts and emails.  Furthermore, Plaintiffs' reputations have continued to be tarnished and have affected their business opportunities.  A monetary award is insufficient to fully compensate Plaintiffs, and there is no adequate remedy at law.

43.     By reason of the foregoing, this Court should order Defendants to cease writing and publishing their defamatory statements, and to order any ISPs with control over the Posts to permanently disable access to them.

**WHEREFORE**, Plaintiff demands judgment as follows:

(i)     on the first cause of action, as against Defendants jointly and severally, an amount to be determined at trial, but in no event less than $750,000;

(ii)     on the second cause of action, as against Defendants jointly and severally, an amount to be determined at trial, and an order that Defendants and any relevant ISP disable public access to any and all posts regarding Plaintiffs that are under Defendants' control, but in no event less than $750,000;

(iii)     attorneys' fees as against Defendants jointly and severally, in an amount to be determined at trial; and

(iv)     punitive damages as against Defendants jointly and severally, in an amount to be determined at trial.

Dated: March 7, 2012

Respectfully submitted,

**CLARK BAKER and the OFFICE OF
MEDICAL & SCIENTIFIC JUSTICE
INC.**


 /sVictoria L. Walton
Shepard Davidson, BBO #557082
Victoria L. Walton, BBO #650999
BURNS & LEVINSON LLP
125 Summer Street
Boston, MA 02110
Telephone: (617) 345-3000
Facsimile:  (617) 345-3299


OF COUNSEL:

Andrew T. Miltenberg, Esq. *(Motion for Pro Hac Vice Admission being filed with Complaint)*
Marco A. Santori, Esq. *(Motion for Pro Hac Vice Admission being filed with Complaint)*
Diana R. Zborovsky, Esq. *(Motion for Pro Hac Vice Admission being filed with Complaint)*
NESENOFF & MILTENBERG, LLP
363 Seventh Avenue – Fifth Avenue
New York, New York 10001
Telephone: (212) 736-4500
Facsimile:  (212) 736-2260