```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


CLARK BAKER and the              )
OFFICE OF MEDICAL &              )
SCIENTIFIC JUSTICE, INC.,        )
        Plaintiffs,              )
                                 )     C.A. No. 12-10434-MLW
        v.                       )
                                 )
JOHN DOES 1-10,                  )
        Defendants               )
```

MEMORANDUM AND ORDER

WOLF, D.J.                                     December 27, 2012

Plaintiffs Clark Baker and the Office of Medical & Scientific Justice, Inc. ("OMSJ") allege that they have been libeled by knowingly false statements, made on numerous Internet websites, by ten unidentified "John Doe" defendants. The Complaint does not allege a violation of federal law. Rather, federal jurisdiction is based on alleged diversity of citizenship between plaintiffs and the unidentified defendants pursuant to 28 U.S.C. §1332.

Plaintiffs have filed an Ex Parte Motion for Early Discovery, seeking to compel Comcast Corporation, an Internet Service Provider ("ISP"), to disclose information that would identify the defendants (the "Motion"). Plaintiffs have subsequently requested leave to supplement the Motion. As there are meaningful questions concerning, among other things, whether this court has subject matter jurisdiction in this case, the Motion is being denied without prejudice.

"[I]t is well established that the courts have a duty to ensure that they are not called upon to adjudicate cases which in fact fall outside the jurisdiction conferred by Congress." Esquilín-Mendoza v. Don King Prods., Inc., 638 F.3d 1, 3 (1st Cir. 2011); see also McBee v. Delica Co., 417 F.3d 107, 127 (1st Cir. 2005). It is particularly important that courts do so when a plaintiff seeks relief ex parte, before the defendants have been served. Therefore, courts have examined whether alleged diversity jurisdiction appears to exist in cases in which plaintiffs seek subpoenas to discover the identities of "John Doe" defendants. See Sinclair v. TubeSockTedD, 596 F. Supp. 2d 128, 132-34 (D.D.C. 2009); McMann v. Doe, 460 F. Supp. 2d 259, 263-65 (D. Mass. 2006). Motions for the issuance of ex parte subpoenas to discover the identities of defendants sued because of their alleged activities on the Internet have been denied in cases where meaningful questions were discerned concerning the existence of subject matter and/or personal jurisdiction. See Sinclair, 596 F. Supp. 2d at 134; McMann, 460 F. Supp. 2d at 270.[1]

---

[1] The cases on which plaintiffs rely in their memorandum in support of the Motion each alleged federal question jurisdiction under 28 U.S.C. §1331. See London-Sire Records, Inc. v. Doe 1, 542 F. Supp. 2d 153, 159, 165 (D. Mass. 2008) (alleged violation of the federal Copyright Act); Columbia Ins. Co. v. Seescandy.com, 185 F.R.D. 573, 576 (N.D. Cal. 1999) (alleged infringement of federally registered trademark); Sony Music Entm't Inc. v. Does 1-40, 326 F. Supp. 2d 556, 558, 565-66 (S.D.N.Y. 2004) (alleged violation of federal Copyright Act). These cases, therefore, did not involve the important, threshold subject matter jurisdiction issue presented in the instant case.

This is another such case. Diversity jurisdiction exists only if there is complete diversity of citizenship between the plaintiffs and all defendants. See 28 U.S.C. §1332; Diaz-Rodríquez v. Pep Boys Corp., 410 F.3d 56, 58 (1st Cir. 2005). The state of an individual's citizenship is not necessarily the state in which he resides. See Valentín v. Hosp. Bella Vista, 254 F.3d 358, 361 n.1 (1st Cir. 2001). A corporation is a citizen of both the state in which it is incorporated and the state in which it has its principal place of business. See 28 U.S.C. §1332(c)(1).

The Complaint alleges only that Baker "resides" in California and OMSJ is "licensed" in California. Compl. ¶¶5-6. Therefore, the state of each plaintiff's citizenship is not clear. More significantly, Baker states in his affidavit that "[w]hile the true names and capacities of defendants John Does 1-10 are unknown to me at this time, I have tracked three of the IP [Internet Protocol] addresses to the location of the Commonwealth of Massachusetts and intend to subpoena the ISPs that issued the Defendants' IP addresses and/or take other discovery in order to learn the identity of the account holders for the IP addresses." Baker Aff. ¶14. This assertion raises a meaningful question concerning whether subject matter jurisdiction exists under §1332, including whether there is any information indicating that at least one defendant is a citizen of the same state as at least one of the plaintiffs. See Sinclair, 596 F. Supp. 2d at 132-33; McMann, 460 F. Supp. 2d at

263-65.[2] In addition, there is reason to question whether there is personal jurisdiction in the District of Massachusetts over at least the seven defendants who have not been identified as having IP addresses in the Commonwealth. See Sinclair, 596 F. Supp. 2d at 133.

Plaintiff's request for ex parte subpoenas to discover the identity of the putative defendants also raises procedural issues. See McMann, 460 F. Supp. 2d at 265-66. In addition, it implicates constitutional concerns. See id. at 266-70; Sinclair, 596 F. Supp. 2d at 131-34.[3]

---

[2] The court recognizes that the Complaint alleges that the court "has diversity jurisdiction over this action under 28 U.S.C. §1332, because the matter in controversy arises between citizens of different states and because the amount in controversy exceeds $75,000." Compl. ¶11. However, Baker's statement in his affidavit that three of the defendants' IP addresses have been "tracked" to Massachusetts, Baker Aff. ¶14, undermines this conclusory allegation. Generally, questions concerning the existence of federal jurisdiction must be resolved based on evidence presented by a plaintiff and are not determined by the adequacy of unverified allegations in a complaint. See Lundquist v. Precision Valley Aviation, Inc., 946 F.2d 8, 10 (1st Cir. 1991); see also Abdel-Aleem v. OPK Biotech LLC, 665 F.3d 38, 41-42 (1st Cir. 2012); Rodriguez v. SK & F Co., 833 F.2d 8, 9 (1st Cir. 1987).

[3] The First Amendment affords protection to the identities of anonymous speakers. See Watchtower Bible & Tract Soc'y v. Vill. of Stratton, 536 U.S. 150, 160, 166-67 (2002); Buckley v. Am. Constitutional Law Found., Inc., 525 U.S. 182, 199-200 (1999); McIntyre v. Ohio Elections Comm'n, 514 U.S. 334, 341-43, 357 (1995); Talley v. California, 362 U.S. 60, 64-65 (1960). Many courts, including one in this jurisdiction, have recognized that subpoenas and discovery requests seeking to identify anonymous defendants who use the internet to publish writings or communicate information raise First Amendment concerns, including potential harassment of speakers or silencing of speech. See McMann, 460 F. Supp. 2d at 266-70; Sinclair, 596 F. Supp. 2d at 131-34; see also

4

In view of the question concerning the court's jurisdiction, it would be permissible to dismiss this case. See McMann, 460 F. Supp. 2d at 270; Sinclair, 596 F. Supp. 2d at 133. However, the court deems it more appropriate to deny the Motion without prejudice and to provide plaintiffs an opportunity to attempt to meet the standards for the issuance of the requested subpoenas set forth in McMann and Sinclair.

Accordingly, it is hereby ORDERED that:

1. Plaintiffs' Motion for Leave to Supplement Plaintiffs' Motion for Early Discovery (Docket No. 10) is ALLOWED.

2. Plaintiffs' Emergency Ex Parte Motion for Early Discovery (Docket No. 6) is DENIED without prejudice.

3. If plaintiffs wish to renew the Motion, they shall do so by January 31, 2013, and address the jurisdictional, procedural, and constitutional concerns articulated in Sinclair v. TubeSockTedD, 596 F. Supp. 2d 128, 132-34 (D.D.C. 2009) and McMann v. Doe, 460 F. Supp. 2d 259, 263-70 (D. Mass. 2006).

4. If plaintiffs do not renew the Motion by January 31, 2013,

---

Doe I v. Individuals, 561 F. Supp. 2d 249, 253-56 (D. Conn. 2008); Doe v. 2TheMart.com Inc., 140 F. Supp. 2d 1088, 1091-95 (W.D. Wash. 2001); Mobilisa, Inc. v. Doe 1, 170 P.3d 712, 717-21 (Ariz. Ct. App. 2007); Doe No. 1 v. Cahill, 884 A.2d 451, 455-66 (Del. 2005); Solers, Inc. v. Doe, 977 A.2d 941, 950-57 (D.C. 2009); Indep. Newspapers, Inc. v. Brodie, 966 A.2d 432, 438-42, 449-57 (Md. 2009); Dendrite Int'l, Inc. v. Doe No. 3, 775 A.2d 756, 760-61, 765-71 (N.J. Super. Ct. App. Div. 2001).

or obtain an extension of time to do so, this case will be dismissed.

                                                                              /s/ Mark L. Wolf
                                                        UNITED STATES DISTRICT JUDGE