UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CLARK BAKER and the OFFICE OF MEDICAL & SCIENTIFIC JUSTICE, INC., Plaintiffs, | ) ) ) ) ) | |
| v. | ) ) ) | C.A. No. 12-10434-MLW |
| KEVIN KURITZKY, Defendant. | ) ) ) | |

MEMORANDUM AND ORDER

WOLF, D.J.                                              March 25, 2015

I.   BACKGROUND

    A.   Facts

Plaintiff Clark Baker, a retired police officer, is a private investigator and founder of the Office of Medical & Scientific Justice ("OMSJ"). Am. Compl., ¶¶5, 12. Plaintiff OMSJ is a "non-profit public benefit corporation, licensed in California, that investigates cases involving medical and scientific corruption." Id., ¶6. The plaintiffs have allegedly "exposed the widespread corruption and incompetence that permeates the 'HIV industry.'" Id.

The plaintiffs allege that, as the result of this and other work, defendant Kevin Kuritzky has harassed Baker and his domestic partner. See, e.g., id., ¶¶17, 31-33. In addition, it is alleged that Kuritzky has posted on the Internet defamatory statements about the plaintiffs. See, e.g., id.,

¶¶17, 20. For example, it is alleged that Kuritzky created and posted a fake newspaper article stating that Baker was indicted for molesting his daughter. Id., ¶¶25, 42. It is also alleged that the defamatory statements "have harmed [] Baker's personal reputation, causing him severe emotional distress. [They] have also caused financial harm to his business, [] OMSJ, which has lost business opportunities as a result." Id., ¶36.

In the Amended Complaint, the plaintiffs assert claims for libel, false light, interference with advantageous business relations, and intentional infliction of emotional distress. The Amended Complaint seeks damages and injunctive relief.

B. Procedural History

The original complaint brought claims against ten unidentified "John Doe" defendants. See Complaint. The court denied the plaintiffs' motion for discovery regarding the identities of the defendants. See Dec. 27, 2012 Order. The plaintiffs subsequently filed an Amended Complaint alleging claims only against Kuritzky. According to the Amended Complaint, ¶7, Kuritzky resides in Cambridge, Massachusetts.

Kuritzky was served on March 15, 2013, at an address in Georgia. See Aff. of Service (Docket No. 15). Kuritzky did not respond to the Amended Complaint or appear in this action. Therefore, a Notice of Default was entered on September 17,

2

2013. The Notice was mailed to Kuritzky at the Georgia address at which he was served, but was returned as undeliverable.

The plaintiffs later filed their Motion for Default Judgment (the "Motion"). Evidently abandoning their claim for damages, the plaintiffs ask the court to, among other things:

> Enter an Order that Mr. Kuritzky is restrained from writing and publishing any false statement of fact concerning plaintiffs Clark Baker or the Office of Medical & Scientific Justice, Inc.;
>
> Enter [an] Order that Mr. Kuritzky immediately direct any internet service providers (ISPs) over which he has control, or with whom he has a contractual relationship, to permanently disable public access to and/or remove any content, posts and/or pages concerning Plaintiffs Clark Baker and the Office of Medical and Scientific Justice . . . .
>
> Award any other and further relief this Court deems just and proper.

Id. at 3-4.

II. THE ENTRY OF DEFAULT JUDGMENT

Federal Rule of Civil Procedure 55(b) allows the court, upon application of the plaintiff, to enter a default judgment against a defendant who is in default. "[T]here is no question that, default having been entered, each of [the plaintiff's] allegations of fact must be taken as true and each of its [] claims must be considered established as a matter of law." Brockton Sav. Bank v. Peat, Marwick, Mitchell & Co., 771 F.2d 5, 13 (1st Cir. 1985). However, "the court has an obligation to grant default judgment only on claims that are supported by

3

adequate factual allegations." Evans v. Mendonsa, 11-cv-12121, 2015 WL 643324, at *7 (D. Mass. Feb. 12, 2015) (internal quotation marks omitted).

As a threshold matter, California law applies to the plaintiffs' claims. See, e.g., Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 496-97 (1941) Baker resides in California and OMSJ is "licensed in California." Am. Compl. ¶¶5, 6. The libelous statements were published online and, therefore, are available globally. See Davidson v. Cao, 211 F. Supp. 2d 264, 273-74 (D. Mass. 2002) (magistrate op.); Restatement (Second) Conflict of Laws, §150 (1971) (the "Restatement"). In addition, California has an interest in protecting its citizens from libel and other torts. See Restatement, §6.

Under California law, libel "is a false and unprivileged publication by writing . . . which exposes any person to hatred, contempt, ridicule, or obloquy, or which causes him to be shunned or avoided, or which has a tendency to injure him in his occupation," Cal. Civ. Code §45, or which causes special damage, Smith v. Maldonado, 85 Cal. Rptr. 2d 397, 402 (Cal. Ct. App. 1999).

> A libel which is defamatory of the plaintiff without the necessity of explanatory matter, such as an inducement, innuendo or other extrinsic fact, is said to be a libel on its face. Defamatory language not libelous on its face is not actionable unless the

4

> plaintiff alleges and proves that he has suffered
> special damage as a proximate result thereof. . . .

Cal. Civ. Code §45a. "'Special damages'" are all damages which plaintiff alleges and proves that he has suffered in respect to his property, business, trade, profession or occupation . . . ." Cal. Civ. Code §48a(4)(b). Where an allegedly libelous statement is not libelous on its face, "the plaintiff must plead and prove that as used, the words had a particular meaning, or 'innuendo,' which makes them defamatory." Maldonado, 85 Cal. Rptr. 2d at 402.

In addition, a statement can be libelous only if it is, or implies, a factual assertion. See, e.g., Milkovich v. Lorain Journal Co., 497 U.S. 1, 20 (1990). Statements that are "rhetorical hyperbole," "vigorous epithet[s]," Greenbelt Coop. Publ'g Ass'n v. Bresler, 398 U.S. 6, 14 (1970), "lusty and imaginative expressions of [] contempt," and words used "in a loose, figurative sense," Old Dominion v. Austin, 418 U.S. 264, 284, 286 (1974), are not actionable unless they imply a fact.

Of the many statements in the Amended Complaint, the court finds that nine are libelous. Other statements are too vague to imply a factual assertion, are not supported by a proper pleading of "innuendo," or are not alleged to have been made by Kuritzky.

Kuritzky committed libel when he published that Baker[1]:

1) Is "a person with a criminal past who was fired from his job due to a violent encounter." Am. Compl., ¶22.

2) "'[H]as blood on his hands.'" Id., ¶41.

3) "'[H]as an obvious psychological disorder,'" id., ¶41, and "suffers from psychological disorders," id., ¶23.

4) Molested, or was indicted for molesting, his daughter. Id., ¶25.

5) Used "OMSJ to spread falsehoods in order to harm homosexuals and persons infected with HIV and other diseases." Id., ¶2.

6) "[I]s 'an internalized homophobic gay guy.'" Id., ¶41.

7) "Is physically dangerous." Id., ¶23.

8) Is "dishonest." Id., ¶41.

9) Is "'less than truthful.'" Id., ¶39.

Baker alleges that these statements are false. In addition, the statements are each either factual or imply facts about Baker on which they are based, while statement (5) is factual with respect to OMSJ. These statements are libelous on their face. The plaintiffs also allege special damages. In particular, they allege that, as a result of these statements, their services in assisting with HIV-related cases have been refused. Id., ¶36.

---

[1] Statements surrounded by one set of quotation marks are the plaintiffs' characterizations of Kuritzky's statements. Language surrounded by two sets of quotation marks are direct quotations of Kuritzky's statements as alleged in the Amended Complaint.

6

These facts are sufficient to establish a claim for libel.[2] As the court is granting relief on the libel claim, it need not decide the others.[3]

III. THE INJUNCTION

    A. <u>Injunctive Relief</u>

In the First Circuit:

> [I]njunctive relief may be ordered where (1) the plaintiff has prevailed on the merits, (2) the plaintiff would suffer irreparable injury in the absence of injunctive relief, (3) the harm to the plaintiff would outweigh the harm to the defendants from an injunction, and (4) the injunction would not adversely affect the public interest.

<u>Joyce v. Town of Dennis</u>, 720 F.3d 12, 25 (1st Cir. 2013).

The plaintiffs are entitled to an injunction. The plaintiffs have prevailed on the merits by virtue of the default. The allegations establish harm to their reputations and business opportunities. The frequency of the libelous statements suggests that the libel will continue absent

---

[2] Even if Baker is a public figure and, therefore, a showing of malice is required, the Amended Complaint adequately alleges actual malice. <u>See, e.g.</u>, <u>New York Times Co. v. Sullivan</u>, 376 U.S. 254, 279-80 (1964). Actual malice is "knowledge that [the statements at issue were] false or [] reckless disregard of whether [they were] false or not." <u>Id.</u> The plaintiffs allege that Kuritzky "is aware that his statements about Plaintiffs are false." Am. Compl., ¶43. This is supported by, among other things, the allegations that Kuritzky created a fake newspaper article. <u>See id.</u>, ¶¶25, 42.

[3] Plaintiffs also allege claims for false light, interference with advantageous business relations, and intentional infliction of emotional distress.

injunctive relief. In addition, the libelous statements "are often some of the first to appear in an Internet search" of the plaintiffs. Am. Compl. ¶45. Absent injunctive relief, such continuous conduct will irreparably injure the plaintiffs. See, e.g., Ross-Simmons of Warwick, Inc. v. Baccarat, Inc., 217 F.3d 8, 13 (1st Cir. 2000) (stating, in the context of a breach of contract claim, that "[b]ecause injuries to goodwill and reputation are not easily quantifiable, courts often find this type of harm irreparable"); ThermoLife Intern., LLC v. Connors, 2:13-cv-4399, 2014 WL 1050789, at *4-5 (D.N.J. Mar. 17, 2014) (finding that defamatory statements causing an "ongoing injury to [plaintiffs'] business reputation" caused irreparable injury).

As explained below, the injunction being issued is narrower than that sought by the plaintiffs. It applies only to specific statements that have been found, by virtue of the default, to be libelous. Kuritzky has no interest in making libelous statements. Finally, because the enjoined statements are libelous and First Amendment interests are protected, the injunction will not adversely affect the public interest.

B. The First Amendment

Even if a plaintiff shows that injunctive relief is appropriate, the injunction must comport with the Constitution. The plaintiffs request that the court issue an order

(i) preventing Kuritzky from "writing and publishing any false statement of fact concerning plaintiffs" and (ii) requiring Kuritzky to "direct any internet service providers" to remove certain materials. Motion at 3-4. These requests raise First Amendment concerns.

A prohibition on writing or publishing is a form of prior restraint. More specifically, "[a] prior restraint is a government regulation that limits or conditions in advance the exercise of protected First Amendment activity." Auburn Police Union v. Carpenter, 8 F.3d 886, 903 (1st Cir. 1993). "[A] judicial injunction that prohibits speech <u>prior to a determination that the speech is unprotected</u> [] constitutes a prior restraint." Id. (emphasis added). "[I]t has long been settled that the publication of defamation, although actionable, may not be enjoined." United States v. Doe, 455 F.2d 753, 759 n.4 (1st Cir. 1972) (vacated on other grounds by Gravel v. United States, 408 U.S. 606 (1972)); see also Sad v. Amer. Diabetes Ass'n, 15-cv-10267, 2015 WL 751295 (D. Mass. Feb. 23, 2015) (denying a motion for a preliminary injunction to enjoin defamatory statements).

However, "[a]n injunction that is narrowly tailored, based upon a continuing course of repetitive speech, and granted only after a final adjudication on the merits that the speech is unprotected does not constitute an unlawful prior restraint."

Auburn Police Union, 8 F.3d at 903 (citing Pittsburgh Press Co. v. Pittsburgh Comm'n on Human Relations, 413 U.S. 376, 390 (1973)); see also Lothschuetz v. Carpenter, 898 F.2d 1200, 1206, 1208-09 (6th Cir. 1990) (stating that, "in view of [the defendant's] frequent and continuing defamatory statements, an injunction is necessary to prevent future injury to [the plaintiff's] personal reputation and business relations" and that any injunction should be "limit[ed] . . . to the statements which have been found in this and prior proceedings to be false and libelous").

Issuing an injunction as broad as the plaintiffs' request could prohibit speech that is not defamatory. See, e.g., Advanced Training Sys., Inc. v. Caswell Equip. Co., Inc., 352 N.W.2d 1, 11 (Minn. 1984) ("We therefore hold that the injunction below, limited as it is to material found either libelous or disparaging after a full jury trial, is not unconstitutional and may stand."); In re Conservatorship of Turner, No. M2013-01665, 2014 WL 1901115, at *15 (Tenn. Ct. App. Mar. 19, 2014). However, refusing to enjoin defamatory speech where the defendant has defaulted would frustrate the administration of justice. At least one court has enjoined defamatory speech following the entry of default judgment based on the defendant's refusal to answer the complaint, as well as review of supplemental briefing and exhibits. See ThermoLife

10

Intern., 2014 WL 1050789, at *4-8. However, rather than grant the plaintiff's overly broad request to enjoin unspecified "further false statements," the court enjoined "only the further dissemination of statements alleged in the Complaint and admitted to be false by virtue of the default." Id. at *7.

Similarly, this court finds that an order prohibiting Kuritzky from repeating statements which, because of the default, must be taken as true and are libelous is constitutionally permissible and appropriate. See Auburn Police Union, 8 F.3d at 903.

The plaintiffs' second request, that Kuritzky be ordered to remove from the Internet all materials concerning the plaintiffs, is also too broad. The Amended Complaint does not adequately allege that all of Kuritzky's online statements are libelous. However, an order to remove specific statements that the court finds to be libelous would not violate the First Amendment. See, e.g., N. Am. Recycling, LLC v. Texamet Recycling, LLC, 08-cv-579, 2012 WL 3283380, *3 (S.D. Ohio Aug. 10, 2012) (unpublished) (ordering the defendants to "remove and/or cause to be removed from all websites and publications all statements Defendants have made that this Court has found to be defamatory, and any statements similar in nature published during or before the current proceedings"); Saadi v. Maroun, 07-cv-01976, 2009 WL 3617788 (M.D. Fla. Nov. 2, 2009) (same).

IV. ORDER

In view of the foregoing, it is, hereby ORDERED that:

1. Plaintiffs' Motion for Default Judgment (Docket No. 19) is ALLOWED in part. Judgment shall be entered for the plaintiffs as to Count 1 of the Amended Complaint (libel) (Docket No. 12). The remaining claims are in effect MOOT and, therefore, are DISMISSED without prejudice.

2. Kuritzky shall not make or publish statements that assert or imply that Clark Baker:

- a) Is "a person with a criminal past who was fired from his job due to a violent encounter;"

- b) "'[H]as blood on his hands;'"

- c) "'[H]as an obvious psychological disorder,'" or "suffers from psychological disorders;"

- d) Molested, or was indicted for molesting, his daughter;

- e) Used "OMSJ to spread falsehoods in order to harm homosexuals and persons infected with HIV and other diseases;"

- f) "[I]s 'an internalized homophobic gay guy;'"

- g) "Is physically dangerous;"

- h) Is "dishonest;" or

- i) Is "'less than truthful."

3. Kuritzky shall not make or publish statements that state or imply that the Office of Medical & Scientific Justice is being used "to spread falsehoods in order to harm homosexuals and persons infected with HIV and other diseases."

4. Kuritzky shall forthwith remove, or caused to be removed, from any website, blog, social media profile or account, or any other online content over which he has control, the statements in paragraphs 2 and 3 of this Order, and any substantially similar statements.

```
                              _____
                              UNITED STATES DISTRICT JUDGE
```